**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOHIT MOHIT,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX, et al.,<br>Respondents. | Case No. 1:26-cv-09194-JLT-EGC<br>(A-No. 220-650-845)<br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Mohit Mohit's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(1)(B)(ii). (Doc. 6 at 1.) For the reasons set forth below the Court, **GRANTS** the habeas petition.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 5.) Respondents do not request a hearing or further briefing. (Doc. 6 at 2.) Given that Respondents had notice and opportunity to respond, the Court decides the case on the underlying habeas petition and on the present record.

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. FACTUAL BACKGROUND

Petitioner is from India. (Doc. 6-1 at 1.) Petitioner immigrated to the United States on December 23, 2021, seeking asylum after fleeing political persecution in India. (*See id*. at 2; Doc. 2 at 7.) Upon entry, Petitioner was apprehended by U.S. Border Patrol and processed for expedited removal. (Doc. 6-1 at 2.) However, after expressing a desire to apply for asylum and receiving a positive credible fear determination, Department of Homeland Security issued a Notice to Appear (NTA) on January 24, 2022, placing Petitioner into standard removal proceedings, and released him on supervision pursuant to Alternatives to Detention (ATD) on February 21, 2022.[2] (*See id*. at 2–3; Doc. 1, ¶ 1.)

Soon after his release, Petitioner applied for asylum, withholding of removal, and protection under the Convention Against Torture. (Doc. 1, ¶ 1.) According to Petitioner, these applications remain pending. (*Id*.) For approximately five years while on release, Petitioner built a life in the United States. (*Id*. at ¶ 2.) He obtained work authorization with a corresponding social security card, maintained stable employment as a gas station clerk and truck driver, and holds a valid driver's license. (*Id*.; *see also* Doc. 1-2 at 8, 10.) Petitioner also indicates that he has complied with his ATD reporting requirements. (Doc. 1, ¶ 2.) Finally, Petitioner indicates

---

[2] Interestingly, although the I-213 indicates that an NTA was issued on January 24, 2022, (Doc. 6-1 at 3), it appears that such NTA was never filed with EOIR. Instead, the record includes another NTA issued on April 28, 2026, charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 1-2 at 4–6.) Upon entering Petitioner's A-Number into EOIR's automated case information website, the docket date reflects the date of the more recent NTA. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited November 19, 2026).

that he has no serious criminal history.[3] (Doc. 2 at 8.)

On October 25, 2026, Petitioner reported to ICE ERO in Fresno, California, as part of his ATD reporting requirements. (Doc. 6-1 at 2.) On that date, ICE deportation officers conducted a record check in ICE's database and discovered that Petitioner had three ATD violations; specifically, three missed biometric check in appointments on January 15, 2026, March 12, 2026, and May 14, 2026. (*Id*. at 2–3) ICE officials then detained the Petitioner because these alleged ATD violations "made him amenable [] to be taken into custody." (*Id*. at 2) Upon his arrest, DHS failed to provide advance notice, an administrative warrant, or any written explanation or opportunity to contest the basis for his arrest.[4] (Doc. 2 at 8.) Petitioner was later transferred to the Golden State Annex Detention Facility, in McFarland, California, where he remains. (*Id*.)

Petitioner contests these allegations and claims that he complied with the ATD program, except for one missed scheduled photograph upload, which occurred early in the program and for which ICE did not detain him. (Doc. 2 at 7.) Apart from that missed upload, Petitioner indicates that he complied with his weekly photograph-upload requirements, his in-person check-in appointments every three weeks, and his monthly home visits. (*Id*.) Apart from the I-213, Respondents do not include substantive evidence of Petitioner's alleged violations, such as electronic records displaying failed submissions or a declaration from the assigned deportation officer. (Doc. 6; Doc. 6-1.)

---

[3] In his motion for temporary restraining order, Petitioner acknowledges that he was convicted of a misdemeanor driving under the influence offense in January 2024. (Doc. 2 at 8.) He indicates no one was injured in connection with this offense and that he has complied with every court-imposed requirement. (*Id*.) He argues that this offense cannot serve as a basis for re-detention because, since this conviction, ICE has conducted four routine check-ins and has never relied on this conviction as a basis for re-detention. (*Id*.) In the opposition, Respondents do not reference or rely on the DUI conviction as a basis for re-detention. (Doc. 6 at 1–2.) Indeed, the attached I-213 says nothing about this conviction under "criminal history," and indicates the ICE officers arrested the Petitioner solely due to his three missed biometric check-ins. (*See* Doc. 6-1 at 2–3.) Additionally, Respondents solely argue that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b) as an applicant for admission. (Doc. 6 at 1.) Given that Respondents do not rely on this conviction as the basis for re-detention, the Court will not do so either.

[4] Though Respondents argue that a warrant was issued for his arrest, (Doc. 6 at 1), there is no indication in the record or any reference in the I-213 that an administrative warrant was issued before or at the time of Petitioner's arrest. (*See* Doc. 6-1.)

On November 6, 2026, Petitioner filed a petition for writ of habeas corpus and a TRO, arguing that his re-detention without pre-deprivation notice and hearing violates the Fifth Amendment Due Process Clause. (*See* Docs. 1, 2.) On November 16, 2026, Respondents filed an opposition arguing that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(1)(B)(ii) as an applicant for admission, but conceding that under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) and this Court's precedent, Petitioner falls into the "category of cases in which this Court has typically ordered immediate release." (Doc. 6 at 1–2.)

## IV. DISCUSSION

Respondents argue that Petitioner is mandatorily detained under § 1225(b)(1) as an applicant for admission. (*See* Doc. 6 at 1.) However, Respondents fail to acknowledge that Petitioner was later placed into standard removal proceedings after receiving a positive credible fear determination and then released on supervision. (*See* Doc. 6-1 at 2–3; Doc. 1, ¶ 1.) Petitioner's removal proceedings are still ongoing. (Doc. 1, ¶ 1; *see also* Doc. 1-2 at 4–6.) Irrespective of whether Petitioner was previously processed for expedited removal upon entry into the United States, (*see* Doc. 6-1 at 2), Petitioner claimed and received a positive credible fear determination and was subsequently placed into standard removal proceedings. (*Id*. at 3; Doc. 1, ¶ 1; Doc. 1-2 at 4–6.) In doing so, DHS released the Petitioner on parole pursuant to Alternatives to Detention. (Doc. 1, ¶ 1; *see also* Doc. 6-1 at 2.)

Thus, Petitioner's detention is governed by 8 U.S.C. § 1226(a) as an individual formerly encountered upon entry into the United States and released into the interior of the country on supervision. *See e.g.*, *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO, 2025 WL 2938808, at *3–6 (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC),

2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention after approximately five years of release without pre-deprivation notice and hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. Immigration officials relied on Petitioner's ATD violations as the basis for re-detention. (*See* Doc. 6-1 at 2.) Petitioner disputes these allegations. (*See* Doc. 1, ¶ 2; Doc. 2 at 7.) Though this Court would generally order a bond hearing as the appropriate remedy in cases of alleged ATD violations, this Court finds that Respondents failed to provide sufficient, independent verifiable supporting documentation regarding the substance of Petitioner's alleged ATD violations. *Cf. Bejarano v. Chestnut*, *et al.*, No. 1:25-cv-01905-JLT-SAB, 2026 WL 92018, at *2, 4–6, 7 (E.D. Cal. Jan. 13, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including a comprehensive list of the date/type of violation and a declaration from a deportation officer who referenced three exhibits from DHS records—adequately demonstrated legitimate violations and were not obviously pretextual for petitioner's arrest); *Nateros v. Chestnut, et al.*, No. 1:25-cv-01950-JLT-SKO, 2026 WL 177799, at *2, 4, 6 (E.D. Cal. Jan. 22, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including attached exhibits showing at least ten documented ATD violations and petitioner's admitted failure to comply with timely check-ins—constituted sufficient evidence and adequate rationale for re-arresting the petitioner).

In this case, Respondents' allegations of ATD violations fail to adequately show a change in circumstances such that re-detention was justified and not clearly pretextual. Petitioner's last alleged ATD violation occurred in May 2026, but Petitioner was not arrested by ICE until *after* he arrived for his check-in appointment, months later in October 2026. (*See* Doc. 6-1 at 2–3); *see Dilpreet Singh v. Andrews, et al.*, No. 1:26-cv-03299-JLT-EPG, 2026 WL 1361738, at *2–3 (E.D. Cal. May 15, 2026); *E.A.T.-B v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *4 (W.D. Wash. Aug. 19, 2025) (ordering petitioner's immediate release where ICE's post-hoc explanation that ATD violations warranted his detention was pretextual, in part, because ICE first became aware of petitioner's alleged ATD violations a few hours before his immigration hearing).

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**
2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.
3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[5];
4. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.
5. The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: Nov. 21, 2026

JENNIFER L. THURSTON
U. S. District Judge

[5] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondents **SHALL** provide a bond hearing in the timeframe required by law.